## Day v. Rose, et al.

(Decided September 20, 1918.)

### Appeal from Wolfe Circuit Court.

Appeal and Error—Parties—Appellees Jointly Interested—Dismissal as to One—Effect on Other.—Where on appeal from a judgment, dismissing the plaintiff's petition to set aside a conveyance to a wife as fraudulent, and to declare a mortgage on

the same property executed by the wife and husband to a bank in part a fraudulent preference by the husband, the appeal is dismissed as to the wife, the court will not adjudge the conveyance to her fraudulent and the mortgage a preference, but will affirm the judgment.

S. M. NICKELL for appellant.

G. W. FLEENER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, J. T. Day, brought this suit against Paris Rose and Mary A. Rose, his wife, Samuel Rose, Alison Rose and the Hazel Green bank, to recover of Paris Rose the balance due on a note executed by him, to set aside certain conveyances on the ground of fraud, to have certain alleged payments made by Paris Rose to Samuel Rose and Alison Rose declared fraudulent, and to have a mortgage executed by Paris Rose and wife to the Hazel Green bank declared a fraudulent preference to the extent of $300.00. Plaintiff recovered a personal judgment against Paris Rose, but was denied the other relief prayed for. He appeals.

During the pendency of this appeal the action was dismissed as to Mary A. Rose, Alison Rose and Samuel Rose, thus leaving Paris Rose and the Hazel Green bank the only appellees. The suit against the Hazel Green bank is based on the following facts: On November 2, 1911, Elizabeth Lacy and husband conveyed to Mary A. Rose a certain tract of land located in Wolfe county. On February 11, 1915, Mary A. Rose and Paris Rose, her husband, mortgaged the land purchased from Mrs. Lacy to the Hazel Green bank to secure an indebtedness of $820.00. It is the contention of plaintiff that Paris Rose furnished the money to pay for the Lacy land and was the real owner thereof, and that the conveyance was made to Mary A. Rose for the purpose of defrauding his creditors. It is also claimed that $300.00 of the indebtedness secured by the mortgage represented an old debt due from Paris Rose to the bank, and that as Paris Rose was insolvent when the mortgage was executed, the mortgage to the extent of $300.00 constituted a fraudulent preference. It is unnecessary to determine whether this contention would have been upheld had the appeal not

been dismissed as to Mary A. Rose. Of course, if the mortgaged land belonged to Mary A. Rose, she had the right to execute the mortgage for the purpose of securing her husband's debt, and no part of the mortgage debt could be regarded as a fraudulent preference, because the land was not subject to her husband's debts and his creditors were deprived of no rights by the execution of the mortgage. Hence, no preference could be adjudged until it was first decided that the conveyance to Mary A. Rose was fraudulent and that Paris Rose was the real owner of the property. Thus, on the question of preference, Mary A. Rose is jointly interested with the bank and therefore a necessary party to the appeal. Not being a party to the appeal, we cannot adjudge that the conveyance to her was fraudulent. The effect of her dismissal as a party is to leave the title in her with the consequent right to execute the mortgage in question.

Judgment affirmed.